UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    OCT 2 1 2010

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| LUCY COURTADE | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | |
| | * | SECTION: |
| HARRAH'S OPERATING | * | **10 - 4036** |
| COMPANY INC., d/b/a | * | |
| HARRAH'S ENTERTAINMENT | * | MAGISTRATE: |
| INC. AND LARRY BARRETT | * | **SECT. A MAG. 2** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOW COMES LUCY COURTADE, a person of the full age of majority and a resident of the State of Louisiana,appearing herein through undersigned counsel, who respectfully represents as follows:

1.

Made defendants herein are:

      A.    HARRAH'S ENTERTAINMENT INC. a foreign corporation authorized to do and doing business in this state; and,

      B.    HARRAH'S OPERATING COMPANY INC. a foreign corporation authorized to do and doing business in this state; and,

      C.    Larry Barrett, a person of the full age of majority and employed for defendant in the **Parish of Orleans;**

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1343 and 1367, as the matter involves a federal question and civil rights issues pursuant to Title VII and 42 U.S.C. Sections 2000e *et seq.* The Court also has and supplemental jurisdictions over state law claims which arise out of the same common nucleus of operative facts as the matters

Fee 350
✓ Process
X Dktd
CtRmDep
Doc. No.

giving rise to the plaintiff's federal claims.

**3.**

Venue is proper in this Court as the cause of action arose in the Eastern District of Louisiana. Furthermore, it appears that all defendants may be found in the Eastern District.

**4.**

At all times relevant, the Plaintiff, Lucy Courtade was a person of full age of majority and a resident of and domiciled in Tangipahoa Parish, which lies within the Eastern District of Louisiana.

**5.**

At all times relevant hereto defendants Harrah's Operating Company Inc. and Harrah's Entertainment Inc. were engaged in industries affecting commerce, and employed 15 or more employees in each of twenty calendar weeks. As such, defendants Harrah's Operating Company Inc. and Harrah's Entertainment Inc. were private employers covered by the provisions of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Sections 2000e *et seq.* and the provisions of the Louisiana Employment Discrimination Law (LEDL), La. R.S. 23:301 *et seq.*

**6.**

Upon information and belief, plaintiff alleges that at all times relevant hereto defendant Larry Barrett was a person of the full age of majority and employee for defendant in the **Parish of Orleans**.

**7.**

Plaintiff began working for Harrah's as a dealer in approximately January of 2001.

**8.**

In approximately November 2008 Larry Barrett, plaintiff's supervisor, began bullying plaintiff and making inappropriate comments to the plaintiff, to the effect of "why are you are

still working here, I would have though you would retired--you don't need this job" and other demeaning and inappropriate statements regarding the plaintiff's age.

**9.**

Barrett's insulting harassing comments continued into December of 2008, at which time plaintiff began feel that her supervisor's conduct was creating a hostile work environment.

**10.**

On or about January 15, 2010 after having endured harassment and insults from Barrett for several months, plaintiff, Lucy Courtade, confronted Barrett regarding his comments and attacks regarding her age. Plaintiff advised Barrett that she was fed up with his comments and that she had no intention of leaving her employment with Harrah's. Plaintiff specifically advised Barret that she had renewed her dealer's license for two more years and that she was "not going anywhere." Barrett replied that he expected that plaintiff would be "gone" within two weeks.

**11.**

On or about January 22, 2010. Plaintiff was terminated from her employment with Harrah's without warning, reprimand or hearing. Plaintiff was notified that she was seen "on tape" not requesting a "drop" from the players at her poker table. This alleged violation by plaintiff did not happen. In fact, the entire allegation of plaintiff having committed a violation of proper procedures was a sham, invented by Barrett and other members of Harrah's management in order to create false grounds for plaintiff's termination. Plaintiff maintains that the entire episode was engaged in by Barrett and Harrah's in retaliation for plaintiff's objection to the harassing and discriminatory conduct of Barrett.

**12.**

Plaintiff maintains that Harrah's management knew or should have known of the

wrongful and discriminatory conduct of Barrett. Upon information and belief, plaintiff maintains that Harrah's had actual or constructive knowledge of the harassing and improper conduct of Barrett but failed to respond or take corrective measures.

### 13.

The harassment about which plaintiff complains of herein began in approximately 2007 and continued until her discharge in on January 22, 2010. The hostile work environment about which the Plaintiff complains herein began on approximately October 2008, and continued until the Plaintiff was terminated on January 22, 2010.

### 14.

As a result of the actions of the Defendants, the Plaintiff has suffered severe mental anguish and great emotional distress.

### 15.

At all time relevant hereto, Defendant Barrett was acting in the course and scope of his employment with Defendants HARRAH'S ENTERTAINMENT INC. and/or HARRAH'S OPERATING COMPANY INC. and as a result, Defendants HARRAH'S ENTERTAINMENT INC. and/or HARRAH'S OPERATING COMPANY INC. are legally responsible and liable for Barrett's actions under the theory of Respondeat Superior.

### COUNT ONE

### 16.

The Plaintiff reiterates the allegations contained in Paragraphs 1-15 herein.

### 17.

At all times relevant hereto, Defendants HARRAH'S ENTERTAINMENT INC. and/or

HARRAH'S OPERATING COMPANY INC. jointly employed more than 20 employees and was an employer under the provisions of Title VII of the 1964 Civil Rights Act, as amended, and the LEDL, La. R.S. 23:301 *et seq.*

### 18.

The words and actions of Defendant Barrett about which the Plaintiff complains constitute unwelcome harassment under the law. These words and actions were engaged in by the defendant in the presence of the Plaintiff because of her age.

### 19.

Despite the Plaintiff's objections to the continuing harassing and discriminatory actions by Barrett said wrongful conduct by Defendant Barrett continued until the Plaintiff was discharged from her position.

### 20.

The actions of Defendant Barrett in subjecting the Plaintiff to intentional harassment and age discrimination drastically altered the terms and conditions of the Plaintiff's employment with Harrah's and created a hostile work environment. As a result the conduct of Barrett, of which Harrah's management knew or should have known, defendants were in violation of Title VII of the 1964 Civil Rights Act, as amended.

### 21.

Plaintiff initiated a proceeding with the U.S. E.E.O.C. to complain of the harassment described herein. On July 25, 2010 plaintiff received a Notice of Right to Sue advising that her claims pursuant to Title VII must be filed within 90 days of the receipt of the Notice. Plaintiff avers that this Complaint pursuant to Title VII is timely filed.

**22.**

As a result of the unlawful harassing and discriminatory actions of the Defendants, Defendants HARRAH'S ENTERTAINMENT INC. and/or HARRAH'S OPERATING COMPANY INC. about which the Plaintiff complains of in Count 1, the Plaintiff has suffered damages for which she seeks monetary compensation, and which are recoverable pursuant to Title VII of the 1964 Civil Rights Act, including the following:

    1)    Back pay, loss of wage, income and benefits;

    2)    General damages for mental anguish, injury to reputation, humiliation and embarrassment;

    3)    Punitive damages as provided for by law;

    4)    Reasonable attorney's fees; and

    5)    legal interest and taxable costs.

## COUNT TWO

**23.**

The Plaintiff reiterates the allegations contained in Paragraphs 1-22 herein.

**24.**

The actions of Defendant Barrett in exposing plaintiff to a hostile work environment despite her objections and protests were done because of her age, and said actions constituted unlawful, intentional harassment and age discrimination which drastically altered the terms and conditions of the Plaintiff's employment with Defendants HARRAH'S ENTERTAINMENT INC. and/or HARRAH'S OPERATING COMPANY INC. and which actions constituted violations the LEDL, La. R.S. 23:301 *et seq.*

**25.**

As a result of the unlawful harassing and discriminatory actions of the Defendant Barrett about which the Plaintiff complains of in Count 1, the Plaintiff has suffered damages for which she seeks monetary compensation, and which are recoverable pursuant to LEDL, La. R.S. 23:301 *et seq.* including the following:

1)    Back pay, loss of wage, income and benefits;

2)    General damages for mental anguish, injury to reputation, humiliation and embarrassment;

3)    Punitive damages as provided for by law;

4)    Reasonable attorney's fees; and

5)    legal interest and taxable costs.

**COUNT THREE**

**26.**

The Plaintiff reiterates the allegations contained in Paragraphs 1-25 herein.

**27.**

Defendant Barrett knew or should have known that his engaging in harassing, discriminatory and degrading conduct would and did cause the Plaintiff extreme emotional distress and great mental anguish.

**28.**

The actions of Defendant Barrett about which the Plaintiff complains herein constituted intentional infliction of emotional distress, and plaintiff is entitled to recover damages for all injuries which she has sustained, pursuant to Article 2315 of the Louisiana Civil Code.

## 29.

At all time relevant hereto defendant Barrett were acting in the course and scope of his employment with Defendants HARRAH'S ENTERTAINMENT INC. and/or HARRAH'S OPERATING COMPANY INC. and as a result Defendants HARRAH'S ENTERTAINMENT INC. and/or HARRAH'S OPERATING COMPANY INC are legally liable for Barrett's wrongful actions under the theory of Respondeat Superior.

## 30.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES HEREIN.

**WHEREFORE**, plaintiff, Lucy Courtade, prays that the defendants Barrett, HARRAH'S ENTERTAINMENT INC. and HARRAH'S OPERATING COMPANY INC be cited and served with a copy of this Complaint and that after all legal delays and due proceedings had, there be judgment herein in favor of plaintiff, and against the defendants Barrett, HARRAH'S ENTERTAINMENT INC. and HARRAH'S OPERATING COMPANY INC individually, jointly, severally and/or in solido for all damages as are reasonable in the premises, for all costs of these proceedings, plus legal interest on all amounts awarded from date of judicial demand until paid, and for any and all other general and/or equitable relief as may be available under the circumstances.

**RESPECTFULLY SUBMITTED:**

David Capasso (#2499)
**David Capasso, Attorney at Law**
4231 Iberville Street
New Orleans, LA 70119

**PLEASE SERVE:**

**HARRAH'S OPERATING COMPANY INC.**
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA 70802-6129

**HARRAH'S ENTERTAINMENT, INC.**
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA 70802-6129

**LARRY BARRETT**
Corporation Service Company
320 Somerulos St.
Baton Rouge, LA 70802-6129