UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUCY COURTADE | CIVIL ACTION |
| VERSUS | NO. 10-4036 |
| HARRAH'S OPERATING COMPANY, INC. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER AND REASONS ON MOTION

In this employment discrimination action, plaintiff, Lucy Courtade, sued her former employer, Harrah's Operating Company, Inc. and Harrah's Entertainment Inc. (collectively "Harrah's"),[1] and her former supervisor, Larry Barrett, alleging age discrimination and retaliation under Title VII and Louisiana law, and intentional infliction of emotional distress under Louisiana law. Complaint, Record Doc. No. 1. Although she cites Title VII as the basis for her federal claims of age discrimination and retaliation, these claims actually arise under the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 623(a), (d).

This matter was referred to the undersigned magistrate judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 15.

---

[1] Defendants deny that either of these entities was plaintiff's employer, but they concede that it is not an issue in the instant motion.

Defendants filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss Courtade's federal law retaliation claim and her intentional infliction of emotional distress claim. Record Doc. No. 8.  Harrah's attached to the motion a copy of plaintiff's Charge of Discrimination, which had been submitted to the Equal Employment Opportunity Commission ("EEOC").  Record Doc. No. 8-2, Defendant's Exh. A.

Plaintiff filed an opposition memorandum one day late.  Record Doc. No. 11.  The court has nonetheless considered plaintiff's opposition. Defendants received leave to file a reply memorandum.  Record Doc. Nos. 12, 13, 14.

Having the considered the complaint, the record, the submissions of the parties and the applicable law, and for the following reasons, IT IS ORDERED that defendants' motion is GRANTED.

I.      FACTUAL AND PROCEDURAL BACKGROUND

The following well-pleaded factual allegations of plaintiff's complaint are accepted as true and viewed in the light most favorable to plaintiff, solely for purposes of defendants' motion to dismiss.  Some facts are also derived from plaintiff's EEOC Charge of Discrimination dated February 12, 2009, Record Doc. No. 8-2, Defendant's Exh. A, which, although not attached to plaintiff's complaint, was referred to in her complaint, Record Doc. No. 1, ¶ 21, and the opposition does not dispute that it is the source of her allegations concerning her EEOC charge.

Courtade began working for Harrah's as a casino dealer in January 2001. In November 2008, plaintiff's supervisor, Barrett, began "bullying" her by making insulting comments related to her age and her need to retire. The remarks continued until Courtade confronted Barrett on January 15, 2009 and told him that she was "fed up" with his comments. She alleges that Harrah's knew about the harassment and failed to take corrective measures.

Harrah's terminated plaintiff's employment on January 22, 2009.[2] She alleges in this lawsuit that the purported reason for her termination, a violation of Harrah's company procedures, was false and that she was terminated in retaliation for having objected to Barrett's discriminatory comments. She claims that she suffered severe mental anguish and great emotional distress as a result of defendants' actions.

Courtade filed a discrimination charge with the EEOC on February 12, 2009, in which she alleged that she was discriminated against based on (1) her age, 67, in violation of the Age Discrimination in Employment Act and (2) her race, in violation of Title VII. She neither checked the box for retaliation on the form nor alleged any retaliation in the narrative portion of her discrimination charge.

---

[2]The complaint says 2010, but this is clearly a typographical error, and it is undisputed that the termination occurred in 20<u>09</u>. Plaintiff's complaint says that her termination date was January 22, while her discrimination charge says that it was January 12, 2009. The court will use the later date stated in the complaint.

Plaintiff's complaint in this court does <u>not</u> bring any claim of race discrimination, but includes claims of age discrimination and retaliation.

## II. ANALYSIS

### A. Standard of Review for a Motion to Dismiss

Defendants filed their motion pursuant to Fed. R. Civ. P. 12(b)(6), which provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." In two recent opinions, the United States Supreme Court clarified the standard for reviewing a motion to dismiss. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). The Fifth Circuit has explained the Supreme Court's current standard as follows.

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" The Supreme Court in <u>Iqbal</u> explained that <u>Twombly</u> promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Legal conclusions "must be supported by factual allegations."
> 
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Rhodes v. Prince, 360 F. App'x 555, 557-58 (5th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949, 1950; Twombly, 550 U.S. at 555; Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)) (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)).

The Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. Iqbal, 129 S. Ct. at 1949. The facial "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation omitted).

B.  Plaintiff's Federal Retaliation Claim

Defendants argue that Courtade's federal law retaliation claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because she never filed a charge of retaliation with the EEOC. They contend that she failed to exhaust her administrative remedies under the ADEA as to her federal retaliation claim and that this court therefore lacks jurisdiction over this claim.

In her opposition memorandum, plaintiff does not respond to this argument. Thus, she has waived any opposition to dismissal of her retaliation claim under the ADEA.

Slaughter-Cooper v. Kelsey Seybold Med. Group P.A., 379 F.3d 285, 288 n.4 (5th Cir. 2004); Castro Romero v. Becken, 256 F.3d 349, 354 n.2 (5th Cir. 2001); Ross v. Baylor College of Med., No. H-08-3080, 2010 WL 2710397, at *8 n.54 (S.D. Tex. July 7, 2010) (citing Vela v. City of Houston, 276 F.3d 659, 678 (5th Cir. 2001); Hargrave v. Fibreboard Corp., 710 F.2d 1154, 1164 (5th Cir. 1983)); Smith v. Tex. Dep't of Family & Prot. Servs., No. SA-08-CA-940-XR, 2009 WL 2998202, at *3 n.2 (W.D. Tex. Sept. 15, 2009); Holloway v. Town of Simmesport, No. CV08-0464-A, 2009 WL 1044554, at *7 (W.D. La. Apr. 17, 2009).

Moreover, Courtade failed to comply with the statutory prerequisite of filing a timely EEOC charge prior to filing an ADEA retaliation claim in this court.

> [T]here are preconditions to bringing suit under the ADEA. Title 29 U.S.C. § 626(d) provides: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." Thus, a person seeking relief under the ADEA must first file [a timely] administrative charge with the EEOC.

Julian v. City of Houston, 314 F.3d 721, 725 (5th Cir. 2002) (citing Clark v. Resistoflex Co., 854 F.2d 762, 765 (5th Cir. 1988)); accord Scott v. Univ. of Miss., 148 F.3d 493, 508 (5th Cir. 1998), abrogated on other grounds by Kimel v. Fla. Bd. of Regents, 528 U.S. 62 (2000)).

The filing of an EEOC charge within 300 days of the allegedly discriminatory or retaliatory employment action is a prerequisite to the filing of a lawsuit under Title VII

or the ADEA in a federal court in a deferral state, like Louisiana. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Garrett v. Judson Indep. Sch. Dist., 299 F. App'x 337, 344 (5th Cir. 2008); Hartz v. Adm'rs of Tulane Educ. Fund, 275 F. App'x 281, 287 (5th Cir. 2008). Because more than 300 days have passed since Courtade was fired on January 22, 2009, she could not now file a charge of retaliation with the EEOC.[3]

Plaintiff's failure to file a retaliation charge within the 300-day limitations period means that her retaliatory discharge claim must be dismissed both because she has failed to make the requisite initial charge to the EEOC and because it is time-barred. Morgan, 536 U.S. at 113; Martin v. Lennox Int'l Inc., 342 F. App'x 15, 18 (5th Cir. 2009); Stith v. Perot Sys. Corp., 122 F. App'x 115, 117 (5th Cir. 2009); Tyler v. Union Oil Co., 304 F.3d 379, 382, 391 (5th Cir. 2002).

Thus, Courtade's claim of retaliation under the ADEA fails to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Defendants' motion to dismiss this claim is granted.

    C.    Plaintiff's State Law Intentional Infliction of Emotional Distress Claim

Defendants have also moved to dismiss Courtade's claim for intentional infliction of emotional distress. They contend that, even accepting the well pleaded allegations of

---

[3]Being fired is a discrete act of which Courtade clearly knew on the date that it happened. Thus, equitable tolling could not apply (and Courtade does not argue that it could) to extend the date when she was required to file her charge of retaliation with the EEOC.

plaintiff's complaint as true, she fails to state a claim for relief under the Twombly/Iqbal standard. Plaintiff in her opposition memorandum does not address that standard and contends only that the trier of fact should be permitted to consider whether intentional infliction of emotional distress occurred.

To state a claim of intentional infliction of emotional distress under state law, plaintiff must adequately allege that defendant's conduct was extreme and outrageous, that her emotional distress was severe and that defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. Mitchell v. Tracer Constr. Co., 256 F. Supp. 2d 520, 526-27 (M.D. La. 2003) (Parker, J.) (citing White v. Monsanto Co., 585 So.2d 1205 (La. 1991)); accord Aronzon v. Sw. Airlines, No. 03-394, 2004 WL 57079, at *6 (E.D. La. Jan. 9, 2004) (Vance, J.).

> The Louisiana Supreme Court has stated that the conduct must be
>
> so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.

White, 585 So.2d at 1209.

"Conduct which is merely [tortious] or illegal does not rise to the level of being extreme and outrageous." Nicholas v. Allstate Ins. Co., 765 So. 2d 1017, 1025 (La. 2000). "Mere violation of laws regulating conduct in the workplace is not enough to establish intentional infliction." Skidmore v. Precision Printing & Pkg., Inc., 188 F.3d 606, 613 (5th Cir. 1999) (under Texas law; identical to Louisiana law).

Louisiana Civil Code article 2315, from which the cause of action for intentional infliction of emotional distress derives, "does not create liability for employment discrimination." Hornsby v. Enter. Transp. Co., 987 F. Supp. 512, 515 (M.D. La. 1997). "Employment disputes must have some quality that places them beyond the ordinary in order to qualify for intentional infliction of emotional distress." Charles v. JetBlue Airways Corp., No. 08-40, 2009 WL 273206, at *12 (E.D. La. Jan. 26, 2009) (Duval, J.) (citing Dean v. Ford Motor Credit Co., 885 F.2d 300 (5th Cir. 1989)).

Thus, actionable cases of intentional infliction of emotional distress arising in the workplace are limited to situations where the distress is "more than a reasonable person could be expected to endure" and the offending conduct is "intended or calculated to cause severe emotional distress." Nicholas, 765 So. 2d at 1026. "In employment situations, Louisiana courts generally limit this showing to situations of repetitive harassment." Ware v. CLECO Power LLC, 90 F. App'x 705, 708 (5th Cir. 2004) (citing White, 585 So.2d at 1209). Mere "disciplinary action and conflict in a . . . workplace

environment, although calculated to cause some degree of mental anguish, is not ordinarily" extreme or outrageous. White, 585 So.2d at 1210.

Viewing the allegations of Courtade's complaint in the light most favorable to her, she asserts that, for about three months before she was terminated, Barrett made "bullying" and harassing remarks to her based on her age, "to the effect of 'why are you are [sic] still working here, I would have though [sic] you would [sic] retired–you don't need this job' and other demeaning and inappropriate statements regarding the plaintiff's age." Record Doc. No. 1 at ¶ 8. When she confronted Barrett about his objectionable remarks on January 15, 2009, he "replied that he expected that plaintiff would be 'gone' within two weeks." Id. at ¶ 10. She alleges that her termination on January 22, 2009 for an alleged "violation of proper procedures was a sham, invented by Barrett and other members of Harrah's management in order to create false grounds for plaintiff's termination," in retaliation for her objections to Barrett's harassing comments. Id. at ¶ 11. In her opposition memorandum, Courtade alleges that Barrett made one additional comment during the same time period: "'When she was [sic] going to quit– YOU OLD BROAD?'" Record Doc. No. 11, at p.2.

Even accepting these allegations as true, they "simply do not rise to the high level of 'extreme and outrageous' conduct, over a sufficient period of time, to constitute a tort under existing Louisiana law." Mitchell, 256 F. Supp. 2d at 527.

> The Fifth Circuit has rejected claims for intentional infliction of emotion[al] distress for acts that are of greater outrageous character. For instance, in McCoy v. City of Shreveport, 492 F.3d 551, 554, 563 (5th Cir. 2007), the Fifth Circuit affirmed summary judgment for the defendant where the plaintiff, a black city police officer, suffered harassment by a white subordinate who "twice [threw] wadded-up paper in her face and [ ] repeatedly enter[ed] her office only to stare at her and laugh in mocking derision." Similarly, in Baker v. FedEx Ground Package System Inc., 278 Fed. Appx. 322 (5th Cir. 2008), the court affirmed the denial of a claim for intentional infliction of emotion distress where the plaintiff asserted that a coworker subjected her to "several racially insensitive comments" based on her race, including that "she did not want to work with people like" plaintiff, an African-American female, and telling her that "whites rule" and "this should be a lesson, Blacks cannot report to whites." Following this line of settled Fifth Circuit case law, it is apparent that Plaintiff's allegations that she was the subject of racial slurs from her fellow employees does not amount to the level of "extreme and outrageous" conduct that can allow Plaintiff to recover for intentional infliction of emotional distress.

Charles, 2009 WL 273206, at *12.

Under the same settled Fifth Circuit case law, the comments that Barrett allegedly made concerning Courtade's age and Harrah's termination of her employment do not rise to the high level of outrageousness required to state a cognizable intentional infliction of emotional distress claim. Under the Iqbal/Twombly standard, her claim lacks facial plausibility because the factual content of her complaint does not allow the court to draw the reasonable inference that the defendants are liable under a theory of intentional infliction of emotional distress for the alleged misconduct. Accordingly, defendants' motion to dismiss this claim is granted.

## CONCLUSION

Defendants' motion to dismiss is granted. Accordingly, IT IS ORDERED that plaintiff's federal retaliation and state law intentional infliction of emotional distress claims are DISMISSED WITH PREJUDICE.

The claims remaining in this action are plaintiff's age discrimination claims under federal and Louisiana law and her retaliation claim under Louisiana law, which will proceed pursuant to the scheduling order that will be separately issued.

New Orleans, Louisiana, this \_\_\_\_10th\_\_\_\_ day of January, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE