UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUCY COURTADE | CIVIL ACTION |
| VERSUS | NO. 10-4036 |
| HARRAH'S OPERATING COMPANY, INC. ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

Lucy Courtade sued her former employer, Caesars Entertainment Corporation (formerly known as Harrah's Entertainment, Inc.) and Caesars Entertainment Operating Company, Inc. (formerly known as Harrah's Operating Company, Inc.) (collectively "Harrah's"), and her former supervisor, Larry Barrett, for alleged employment discrimination. Plaintiff's complaint was dismissed on defendants' motion for summary judgment, and judgment was entered in defendants' favor. Record Doc. Nos. 31, 32.

Twelve days after entry of judgment, Courtade filed a "Motion and Memorandum Requesting the Court Reconsider its Order Granting Defendant's Motion for Summary Judgment." Record Doc. No. 35. Defendants filed a timely opposition memorandum. Record Doc. No. 36. Having considered the submissions of the parties and the applicable law, **IT IS ORDERED** that plaintiff's motion is DENIED for the following reasons.

A.  Fed. R. Civ. P. 59(e) Provides the Standard of Review

Courtade does not cite any law in support of her motion. Judge Duval of this court recently explained the position of the Fifth Circuit regarding so-called "motions for reconsideration," as follows.

> "Although the 'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it has become one of the more popular indoor courthouse sports at the district court level. Such pleadings are becoming an intricate part of motion practice by which the losing party to a motion obtains a second bite at the apple–a chance to reargue and sometimes submit additional argument and authority in support of his lost motion." State of Louisiana v. Sprint Commc'ns Co., 899 F. Supp. 282, 284 (M.D. La. 1995). The Fifth Circuit has treated motions to reconsider as analogous to motions pursuant to Rule 59(e) or Rule 60:
>> The federal rules do not recognize a "motion for reconsideration" in haec verba. We have consistently stated, however, that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" [a judgment] under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).
>
> Lavespere v. Niagara Mach, & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). A motion to alter or amend a judgment "must be filed no later than [28] days after the entry of judgment." Fed. R. Civ. P. 59(e).[1] If the motion is brought within [28] days of the judgment it is subject to Rule 59(e), if filed after [28] days it is subject to Rule 60(b). Harrington v. Runyon, 98 F.3d 1337 (5th Cir. 1996) (citing Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 288 (5th Cir. 1989)).

---

[1] Rule 59(e) was amended effective December 1, 2009 to change the former 10-day deadline to 28 days. Fed. R. Civ. P. 59(e) official comments.

- 2 -

In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2009 WL 2447846, at *1-2 (E.D. La. Aug. 6, 2009) (Duval, J.) (footnote omitted).

Because Courtade's motion for reconsideration was filed within 28 days of the entry of judgment, Rule 59(e) applies. District courts have broad discretion in deciding such motions. Johnson v. Diversicare Afton Oaks, LLC, 597 F.3d 673, 677 (5th Cir. 2010); McGillivray v. Countrywide Home Loans, Inc., 360 F. App'x 533, 537 (5th Cir. 2010) (citing Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995)).

> "This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which a judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." The Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment."

In re Katrina Canal Breaches Consol. Litig., 2009 WL 2447846, at *2 (quoting So. Contractors Grp., Inc., v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993); Johnson v. Cain, No. 05-1943, 2007 WL 1741883, at *1 (E.D. La. June 14, 2007) (Duval, J.)) (citing Arceneaux v. State Farm Fire & Cas. Co., No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008) (Feldman, J.)) (emphasis added); accord McGillivray, 360 F. App'x at 537 (citing In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002)).

"A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005) (citation omitted). "The granting of a Rule 59(e) motion 'is an extraordinary remedy and

should be used sparingly.'" In re Pequeño, 240 F. App'x 634, 636 (5th Cir. 2007) (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)); accord Ewans v. Wells Fargo Bank, N.A., 389 F. App'x 383, 389-90 (5th Cir. 2010).

      B.     Plaintiff's Motion Does Not Meet the Rule 59 Standards

Courtade argues that the availability of new evidence and the need to prevent manifest injustice support her motion for reconsideration. Specifically, she contends that her motion should be granted because of (1) her counsel's mistake in failing to provide any evidence, not even plaintiff's own affidavit, in opposition to defendants' motion for summary judgment, and (2) allegedly "newly discovered evidence." This evidence consists of Courtade's own affidavit dated May 16, 2011, Record Doc. No. 35-2 at pp. 3-4; an affidavit by Susan Poirer Billiot, another former employee of Harrah's, also dated May 16, 2011, Record Doc. No. 35-2 at pp. 1-2; the June 25, 2009 decision of an administrative law judge (the "ALJ") regarding plaintiff's application for worker's compensation, Record Doc. No. 35-2 at pp. 5-6; and the charge of discrimination that Courtade filed with the Equal Employment Opportunity Commission on February 12, 2009, Record Doc. No. 35-2 at p. 7.

As to plaintiff's argument that the court should excuse her attorney's failure to submit any evidence in opposition to defendants' summary judgment motion, she "has not shown the extraordinary circumstances that would warrant relief under Rule 59(e)

due to [her] negligent failure to present all of the available facts crucial to [her] case in [her] summary judgment [opposition.]" Calton v. Johnson, 307 F. App'x 809, 811 (5th Cir. 2009) (citing ICEE Distribs., Inc. v. J & J Snack Foods Corp., 445 F.3d 841, 847-48 (5th Cir. 2006)).  Courtade provides no explanation why all of her "new" evidence could not have been acquired during the six months that this action was pending before defendants filed their motion for summary judgment.  Negligence by the moving party's attorney "does not generally constitute a valid excuse" to reopen a case under Rule 59(e). Gonzalez v. State Fair of Tex., 235 F.3d 1339, 2000 WL 1672678, at *2 (5th Cir. 2000) (quoting Edward H. Bohlin Co. v. The Banning Co., 6 F.3d 350, 357 (5th Cir. 1993) ("'inadvertent mistake of counsel[, g]ross carelessness, ignorance of rules or ignorance of law' do not justify granting a Rule 59(e) or 60(b) motion")).  "An unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."  Templet, 367 F.3d at 479.  Thus, the errors of plaintiff's counsel do not justify granting her motion.

As to her argument that she has newly discovered evidence to submit in opposition to defendant's summary judgment motion, Courtade's "motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper

diligence; and (3) the facts are not merely cumulative or impeaching." Johnson, 597 F.3d at 677 (quotation omitted) (emphasis added).

Courtade cannot satisfy any of these tests. She obviously had the ALJ's 2009 decision and her 2009 charge of discrimination in her possession, and she does not explain why she could not have submitted these documents in opposition to defendants' motion for summary judgment. The court cannot envision, and plaintiff has not proffered, any reason why she did not submit her own affidavit in opposition to defendants' motion. Nor has she given any explanation why she could not, in the exercise of reasonable diligence, have obtained and submitted Billiot's affidavit in timely opposition to defendants' summary judgment motion.

Moreover, the allegedly new evidence would not change the outcome of defendants' summary judgment motion. The facts in Courtade's new exhibits regarding Larry Barrett's stray remarks related to age are merely cumulative of the facts that the court already considered when deciding defendants' motion. See Order and Reasons on Motion, Record Doc. No. 31 at pp. 17-18.

Plaintiff's own affidavit adds nothing new to her allegations regarding Barrett's comments. The other affiant, Billiot, states that Barrett made isolated remarks about plaintiff's age on two occasions in December 2007 and February 2008, which were more than a year and eleven months, respectively, before Courtade was fired. Billiot was laid

off from Harrah's in March 2008, some nine months before plaintiff's employment was terminated. Billiot's affidavit, Record Doc. No. 35-2 at pp. 1-2. Billiot therefore has no personal knowledge concerning plaintiff's allegations that Barrett's age-related remarks persisted into December 2008 and January 2009. Billiot's testimony about Barrett's isolated remarks, remote in time from the relevant events, would not change the outcome of defendants' summary judgment motion.

The ALJ's worker's compensation decision also would not change the outcome of this case. Even if the ALJ's findings of fact were admissible in this court action to prove their truth, those findings do not contradict the undisputed facts in the summary judgment record that Barrett was not involved in the decision to terminate Courtade's employment and that the decision was made by other, more senior employees and by Harrah's Human Resources Department after another supervisor reviewed the videotape. See Order and Reasons on Motion, Record Doc. No. 31 at p. 21. The ALJ stated that the incident for which plaintiff was fired occurred on January 12, 2009 and that Barrett was notified on that date of plaintiff's failure to collect the required fee from the poker players at her table. (The incident actually happened on January 8th, and plaintiff was fired on January 12, 2009, according to the undisputed summary judgment evidence.) Even if Barrett was working in the poker room on the correct date, the ALJ did not find that Barrett personally reviewed the surveillance tape of the incident, or that he had

anything to do with Harrah's decision to terminate her employment. Record Doc. No. 35-2 at pp. 5-6.

The facts that plaintiff now seeks to add to her summary judgment opposition were available to her previously, and she has not shown any reason why she failed to submit them before the court ruled on defendants' summary judgment motion. A party's mere assertion that she "requires more time to 'investigate, assemble evidence and present the same to the court'" is insufficient "to show that the [Rule 59(e)] motion was necessary to prevent manifest injustice." McGillivray, 360 F. App'x at 537.

In addition, the negligence or erroneous strategy choices of a party's attorney or the party herself, which contributed to the court's dismissal of the party's claims, do not amount to manifest injustice. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 (4th Cir. 2010) (citing Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962); Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226-27 (4th Cir. 2005); Universal Film Exchs., Inc. v. Lust, 479 F.2d 573, 577 (4th Cir. 1973) (Counsel's "strategic decision, along with Appellant's counsel's inaction, supports the district court's implicit conclusion that Appellant's counsel opted to engage in willful blindness. . . . The consequences stemming from this choice, however, cannot be classified as manifestly unjust towards Appellant," who chose the attorney as his agent.); Fox v. Am. Airlines, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (affirming denial of Rule 59(e) motion because dismissal of the

"suit might have been avoided through [counsel's] exercise of due diligence"); <u>Ciralsky v. Cent. Intelligence Agency</u>, 355 F.3d 661, 673 (D.C. Cir. 2004) ("manifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered") (internal quotations omitted).

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that plaintiff's Motion Requesting the Court Reconsider its Order Granting Defendant's Motion for Summary Judgment, Record Doc. No. 35, is DENIED.

New Orleans, Louisiana, this \_\_\_15th\_\_\_ day of June, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE